UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ANNETTE GIRAUD and SERA BARR,
individually and on behalf of all other persons
similarly situated,

    Plaintiffs,

v.                                              CASE NO.  8:17-cv-2442-T-26AEP

WOOF GANG BAKERY, *etc., et al.*,

    Defendants.
_____/


**O R D E R**

**BEFORE THE COURT** is Defendants' Motion to Dismiss Claims filed by Plaintiff Annette Giraud and to Compel Arbitration (Dkt. 22), which was referred to and considered by the United States Magistrate Judge.  Magistrate Judge Porcelli filed his Report and Recommendation (R & R) on April 4, 2018 (Dkt. 34).  Plaintiff Annette Giraud filed objections (Dkt. 35), and Defendants filed a response to the objections (Dkt. 37).  The R & R recommends that Defendants' Motion to Dismiss Claims filed by Plaintiff Annette Giraud and Compel Arbitration (Dkt. 22) be granted to the extent Plaintiffs Annette Giraud, Brittany Westley, Ericka Schumm, and Amanda Stewart's claims occurred during the life of their respective independent contractor agreements.

The magistrate recommends permitting Plaintiffs to file an amended complaint to assert any remaining viable claims.

## STANDARD OF REVIEW

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify, in whole or in part, the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010).  A district judge "shall make a *de novo* determination of those portions of the report or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); United States v. Farias-Gonzalez, 556 F.3d 1181, 1184  n. 1 (11th Cir. 2009) ("A *de novo* determination, however, does not mean that a district court must make a *de novo* examination of the witnesses.") (citation omitted).  The proceedings before the magistrate consisted entirely of argument of counsel.

## BACKGROUND

Judge Porcelli's R & R sets forth a factual background explaining that four of the Plaintiffs, working as pet groomers, entered into separate independent contractor agreements with Woof Gang Bakery.  Arguing that the agreements were misclassified, Plaintiffs seek unpaid overtime and minimum wages and other related damages.  All four independent contractor agreements contain a broad arbitration provision for "[a]ny controversy between the parties to this Agreement involving the construction or application of any of the terms, provisions, or conditions of this Agreement," which the R

& R found to include FLSA claims. The provision provides that the rules of the American Arbitration Association (AAA) for Commercial Disputes shall govern the arbitration proceedings unless otherwise stipulated. According to Plaintiffs, Defendants conceded at the hearing before the magistrate that the arbitration proceeding would be governed by the AAA Employment Rules. Each of the four agreements was executed on different dates between February 2016 and May 2017. In August 2017, however, Plaintiff Giraud entered into a new commission agreement that did not contain an arbitration provision. The record is silent as to whether the other three Plaintiffs signed new commission agreements.

Judge Porcelli reasoned that the independent contractor agreement does not contain a novation provision that would make the acceptance of a new agreement terminate the existing agreement. Neither did the new commission agreement express the parties' intent to repudiate the independent contractor agreement. Although Giraud's affidavit asserts that the parties intended to supersede or repudiate the independent contractor agreement with the commission agreement, the language of the agreements evidences a contrary intent. Both agreements are silent about whether the arbitration provision in the first agreement will remain in effect upon the signing of the second agreement. Consequently, the R & R concludes that the parties are bound to the arbitration agreement during the life of the independent contractor agreement.

## DISCUSSION

The Court has reviewed the entire file and record and has made a *de novo* review of the legal and factual issues raised in Plaintiffs' objections. The Court finds that the R & R fully addresses all of the Plaintiffs' objections. Plaintiffs raise objections to the factual portion of the R & R insofar as it focuses on only four Plaintiffs and also overlooks the facts regarding the parties' intent, which are contained in the declaration of Giraud.[1] Neither of these grounds have merit. Plaintiffs have not shown collectively why prejudice would result from compelling the arbitral claims of the designated four Plaintiffs. As discussed in the R & R, the language of the unambiguous agreements expresses the intentions of the parties without need of relying on the declaration of Giraud.

With respect to the objections made to the legal portion of the R & R, the grounds are also baseless. The arbitration provision is broad and covers any controversy over the construction or application of any part of the agreement, despite its lacking the phrase "arising out of." Nothing indicates that FLSA claims would not be covered by the agreement, or that the agreement is unconscionable. All other objections made but not specifically addressed here are likewise untenable.

---

[1] See docket 25-1.

Therefore, upon consideration of the Report and Recommendation, Plaintiffs objections, and Defendants' Response, in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects but the modifications as ordered below. Rather than dismiss the claims subject to arbitration, the Eleventh Circuit directs that the district court must stay those claims.  9 U.S.C. § 3; Bender v. A.G. Edwards & Sons, Inc., 971 F.2d 698 (11th Cir. 1998).

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** as follows:

1)   The Magistrate Judge's Report and Recommendation (Dkt. 34) is confirmed and adopted as part of this Order but with the following modifications.

2)   Defendants' Motion to Compel Arbitration (Dkt. 22) is **GRANTED**. The claims subject to arbitration are not dismissed but are stayed pending the outcome of the arbitration.[2]

3)   Plaintiffs may assert any claims not covered by the arbitration agreement in another lawsuit.

4)   The parties shall notify this Court upon resolution of the claims in the arbitration proceedings.

5)   The Clerk is directed to administratively close this case pending arbitration.

---

   [2]   This Court previously denied the motion to dismiss at docket 22 as violative of Bender.  See docket 23.

**DONE AND ORDERED** at Tampa, Florida, on May 3, 2018.

                                           s/*Richard A. Lazzara*
                                 **RICHARD A. LAZZARA**
                                 **UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record